UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DESMOND WITHERSPOON, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> P.O. MERCERED OF NEW JERSEY : <br> TRANSIT POLICE, : <br> : <br> Defendant. : | Civil Action No. 14-5531 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

     This matter comes before the Court on the application filed by Plaintiff Desmond Witherspoon ("Plaintiff" or "Witherspoon") to proceed in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

     At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed. The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     (A) the allegation of poverty is untrue; or

2

      (B) the action or appeal –

          (i)      is frivolous or malicious;

          (ii)     fails to state a claim on which relief may be granted; or

          (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

      The one-page Complaint states that Witherspoon's "cause of action" is for "confiscation of personal property (handcuffs w/ cases and keys)" and demands the return of that property. No additional information is provided. To the extent Plaintiff may be attempting to seek relief under 42 U.S.C. § 1983 for a violation of his Fourth Amendment protection against unreasonable searches and seizures, his claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court cannot draw such an inference from the Complaint filed by Witherspoon. He alleges no facts concerning the actions of Defendant, identified only as "P.O. Mercered of New Jersey Transit Police" nor how such actions would have violated Witherspoon's constitutional rights.

For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order will be filed.


    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: September 17, 2014